

**ORDERED in the Southern District of Florida on October 20, 2016.**



**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:                                                    Case No. 12-14792-EPK
                                                          Chapter 7
**CHIQUITA ALEXIS,**

      **Debtor.**

_____/

**DARRYL BURKE,**

      **Plaintiff,**

v.                                                        Adv. Proc. No.: 16-01065-EPK

**CHIQUITA ALEXIS,**

      **Defendant.**

_____/

**ORDER DENYING (1) MOTION TO PROCEED IN FORMA PAUPERIS**
**AND (2) MOTION TO RECONSIDER DISMISSAL OF APPEAL**

THIS MATTER came before the Court upon the letter construed as the *Motion to Proceed In Forma Pauperis in Bankruptcy Appeal* [ECF No. 93] (the "Motion to Proceed In Forma Pauperis") and the document titled *Notice of Appeal to the United States District Court*

*for the Southern District of Florida Bankruptcy Court for Reconsideration of Ordered Dismissing Bankruptcy Court Appeal* [ECF No. 94] (the "Motion to Reconsider Dismissal of Appeal"), each filed by the plaintiff, Darryl Burke.   In the Motion to Proceed In Forma Pauperis and accompanying Affidavit, Mr. Burke seeks to proceed *in forma pauperis* with his appeal of this Court's *Order Denying Motion to Reconsider* [ECF No. 82].   In the Motion to Reconsider Dismissal of Appeal, Mr. Burke requests this Court to vacate its *Order Dismissing Bankruptcy Appeal* [ECF No. 91] in order to allow him to proceed *in forma pauperis* with his appeal.   For the reasons stated below, the Court will deny in full the Motion to Proceed In Forma Pauperis and the Motion to Reconsider Dismissal of Appeal.

STATEMENT OF FACTS

The Court has previously outlined the procedural history of this case at length, and incorporates such discussions from its prior orders at ECF Nos. 57, 61, and 82. Nevertheless, the Court will briefly summarize the procedural history leading up to the current posture of this adversary proceeding.

Chiquita Alexis filed a voluntary petition under chapter 7 on February 28, 2012. ECF No. 1, case no. 12-14792-EPK.   Mr. Burke was not listed as a creditor in the case.   The Court entered an order discharging Ms. Alexis on December 6, 2012. ECF No. 71, case no. 12-14792-EPK.   The chapter 7 trustee filed his final accounting on June 20, 2014, and the case was closed on July 22, 2014. ECF Nos. 98 and 99, case no. 12-14792-EPK.

The present adversary proceeding was commenced on January 27, 2016, over two years after Ms. Alexis received her discharge.   In a lengthy document construed as the complaint commencing this adversary proceeding, Mr. Burke sought revocation of Ms. Alexis' discharge apparently to ensure that she would not receive a discharge of certain mortgage

loan obligations that he alleges were incurred via fraud. ECF No. 1.   Mr. Burke, however, did not allege that he had a claim against Ms. Alexis.   Rather, the gravamen of the complaint is that the Court should, *sua sponte* if necessary, investigate Ms. Alexis' case and consider revoking her discharge, apparently for the benefit of certain lenders that Mr. Burke feels were victimized by Ms. Alexis.

Ms. Alexis subsequently filed a motion to dismiss this adversary proceeding on the grounds that Mr. Burke lacked standing to bring the action and that it was time barred. ECF No. 23.   Mr. Burke attended the hearing on Ms. Alexis' motion to dismiss by telephone.   Mr. Burke admitted on the record that he had actual notice of Ms. Alexis' bankruptcy case and her alleged fraudulent actions well before entry of discharge in her case.   Thus, even if Mr. Burke had standing to pursue revocation of the discharge, which he did not because he was not a creditor, Mr. Burke's request to revoke the discharge was time barred. *See* 11 U.S.C. § 727(d)(1).   Accordingly, on May 2, 2016, the Court granted the motion to dismiss. ECF No. 48.

Mr. Burke then filed multiple motions to reconsider the dismissal of this adversary proceeding, each of which the Court denied. *See* ECF Nos. 52, 53, 54, 55, 57, 60, and 61.

On June 6, 2016, Mr. Burke filed his first notice of appeal [ECF No. 63] from this Court's May 24, 2016 order denying various motions to reconsider [ECF No. 57].   On June 30, 2016, the Court dismissed the appeal, pursuant to Local Rule 87.4(c) of the United States District Court for the Southern District of Florida, for failure to file a timely designation as required by Fed. R. Bankr. P. 8009 and for failure to pay the required filing fee. ECF No. 78.

On July 18, 2016, eighteen days after the Court dismissed Mr. Burke's first appeal, Mr. Burke filed a motion to reconsider [ECF No. 81] both the dismissal of that appeal [ECF

No. 78] and, again, the dismissal of this adversary proceeding [ECF No. 48], stating the same arguments contained in his prior motions for reconsideration and at the hearing on the motion to dismiss.   On July 27, 2016, incorporating its prior orders at ECF Nos. 57 and 61 in full, the Court denied Mr. Burke's motion to reconsider. ECF No. 82.

On August 5, 2016, Mr. Burke filed the present notice of appeal [ECF No. 84] from this Court's July 27, 2016 order denying Mr. Burke's motion to reconsider [ECF No. 82].

It is important to note that Mr. Burke's motion to reconsider filed at ECF No. 81 was yet another motion to reconsider the Court's dismissal of this adversary proceeding by order entered on May 2, 2016 at ECF No. 48.   No new grounds were stated.   By that time, the original dismissal of this adversary proceeding had long been final and no longer subject to appeal.   While a party may seek reconsideration of an order and the appeal period is tolled pending determination of the motion for reconsideration, Fed. R. Bank. P. 8002(b), it is not permissible to file the same motion for reconsideration over and over again and then, several months later, file a notice of appeal of the most recent order denying the most recent motion for reconsideration.   To the extent Mr. Burke asked the Court to reconsider an earlier order denying reconsideration of the dismissal of this adversary proceeding [ECF No. 48], that order had become final before Mr. Burke filed the motion at ECF No. 81.   In other words, on the date Mr. Burke most recently sought reconsideration of any of this Court's orders denying reconsideration of the dismissal of this adversary proceeding, there was no order then subject to reconsideration or appeal.   Every order of this Court addressing Mr. Burke's concerns had become final and not subject to appeal.

As would be expected, the clerk docketed Mr. Burke's present notice of appeal.   As there was no motion to dismiss the appeal as untimely, the clerk reviewed the docket only as

required by the Bankruptcy Rules and the Local Rules of this Court and of the United States District Court for the Southern District of Florida.

Although difficult to parse, Mr. Burke filed a designation of the items to be included in the record on appeal and a statement of the issues to be presented as required by Fed. R. Bankr. P. 8009, but he failed to pay the required filing fee of $298.00.   On August 17, 2016, the clerk entered a notice of appeal deficiency, which was served on Mr. Burke. ECF No. 85. The notice of appeal deficiency directed Mr. Burke to pay the filing fee not later than August 31, 2016 and warned that, if such deficiency was not timely corrected, the Court would dismiss the appeal pursuant to Local Rule 87.4(c) of the United States District Court for the Southern District of Florida. *Id.*

Having received nothing from Mr. Burke by August 31, 2016, the appeal was dismissed on September 6, 2016 as a result of non-payment of the filing fee. ECF No. 91. The very next day, September 7, 2016, the Court received Mr. Burke's Motion to Proceed In Forma Pauperis and accompanying Affidavit. ECF No. 93.   These documents state that they were "executed on" August 29, 2016. *Id.*   Rather than pay the filing fee of $298.00, Mr. Burke sought to proceed with his bankruptcy appeal under 28 U.S.C. § 1915. *Id.*

Notice of the Court's order dismissing the bankruptcy appeal was sent to Mr. Burke on September 8, 2016. ECF No. 92.   Upon receiving such notice, Mr. Burke filed the present Motion to Reconsider Dismissal of Appeal on September 19, 2016, alleging that, under the prison mailbox rule, his Motion to Proceed In Forma Pauperis was timely filed and, therefore, the present appeal should proceed accordingly. ECF No. 94.

The Court notes that Mr. Burke's Motion to Proceed In Forma Pauperis was not signed or filed along with Mr. Burke's August 5, 2016 notice of appeal.   Rather, the Motion to

Proceed In Forma Pauperis apparently was signed prior to the clerk's extended deadline of August 31, 2016 to pay the appeal filing fee, but was not received by the clerk until after such deadline. Mr. Burke asserts that his Motion to Proceed In Forma Pauperis was timely filed, pursuant to the prison mailbox rule, because it was signed prior to the clerk's extended deadline of August 31, 2016.

## CONCLUSIONS OF LAW AND ANALYSIS

Fed. R. Bankr. P. 8002(a) provides: "Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after the entry of the judgment, order, or decree being appealed." Subsection (c), which codifies the so-called "prison mailbox rule" under the 2014 revisions,[1] states that "[i]f an inmate confined in an institution filed a *notice of appeal* from a judgment, order, or decree of a bankruptcy court, the notice is timely if it is deposited in the institution's internal system on or before the last day for filing." Fed. R. Bankr. P. 8002(c) (emphasis added). Accordingly, "when a *pro se* prisoner deposits his notice of appeal with prison authorities, addressed to the clerk of court with postage prepaid, it is deemed filed at that moment for purposes of . . . Bankruptcy Rule 8002(a)." *In re Flanagan*, 999 F.2d 753, 759 (3d Cir. 1993).

The Court issued its *Order Denying Motion to Reconsider* [ECF No. 82] on July 27, 2016. Therefore, the deadline for filing any notice of appeal was August 10, 2016. *See* Fed. R. Bankr. P. 8002(a). Pursuant to Fed. R. Bankr. P. 8002(c), Mr. Burke's notice of appeal arguably is deemed to have been filed on August 5, 2016. ECF No. 84; *see Jeffries v. United*

---

[1] Although Mr. Burke cites to Fed. R. App. P. 4(c)(1) as authority for the prison mailbox rule, Fed. R. Bankr. P. 8002(c) incorporates Fed. R. App. P. 4(c)(1) as amended in 2014. *See* Fed. R. Bankr. P. 8002(c), Advisory Committee Note ("Subdivision (c) mirrors the provisions of F.R.App.P. 4(c)(1) and (2), which specify timing rules for a notice of appeal filed by an inmate confined in an institution."). As such, this Court's analysis is guided by the language of Fed. R. Bankr. P. 8002(c).

*States*, 748 F.3d 1310, 1314 (11th Cir. 2014) ("Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it.").[2]   Mr. Burke did not, however, accompany the notice of appeal with either the applicable filing fee or a motion to act *in forma pauperis*. *See* ECF No. 84.

The Court must determine whether Mr. Burke's subsequent Motion to Proceed In Forma Pauperis was timely filed.[3]   Assuming the Motion to Proceed In Forma Pauperis was placed in the mail on August 29, 2016, the same date Mr. Burke states it was signed, the only way the motion was timely is if Fed. R. Bankr. P. 8002(c) applies to matters other than the notice of appeal itself and also applies to extend the additional time, provided by the clerk, for the payment of the filing fee.   There is nothing in the text of Fed. R. Bankr. P. 8002(c) to support either of these views, nor is there any precedent for such application.   By its explicit terms, Fed. R. Bankr. P. 8002(c) applies only to the timing of the filing of the notice of appeal itself.   And Fed. R. Bankr. P. 8002(c) extends only the "time for filing" set in Fed. R. Bankr. P. 8002(a), meaning the 14-day appeal period, not any additional time permitted by the clerk for the payment of the filing fee.

Even if the Court were somehow to construe Mr. Burke's Motion to Proceed In Forma Pauperis as timely, the motion does not satisfy the remaining requirements of Bankruptcy Rule 8002(c).   "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the *date of deposit* and *state that first-class postage has been prepaid*." Fed. R. Bankr. P. 8002(c) (emphasis added).

---

[2] It is questionable whether Mr. Burke's notice of appeal was ultimately timely since it did not comply with the other requirements of Bankruptcy Rule 8002(c).   These requirements are considered below.

[3] "[A]lthough we are to give liberal construction to the pleadings of pro se litigants, 'we nevertheless have required them to conform to procedural rules.'" *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).   "Liberal construction does not mean liberal deadlines." *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999).

Accompanying Mr. Burke's Motion to Proceed In Forma Pauperis is an Affidavit containing an unsworn declaration under penalty of perjury in compliance with 28 U.S.C. § 1746.[4]   Both the Motion to Proceed In Forma Pauperis and accompanying Affidavit state that the documents were "executed on" August 29, 2016. ECF No. 93.   Neither document states the date of deposit nor states that first-class postage has been prepaid. *See id.*   Each of these is a strict requirement of the statute and a lack of each is, on its own, a further basis to deny the motion. *See In re Bourgeois*, 488 B.R. 622, 626 (B.A.P. 8th Cir. 2013) ("However, the record did not reveal the date Debtor deposited his notice of appeal in the prison mail system, only the date he signed it and the date the bankruptcy clerk received and filed it.   Under the circumstances, Debtor could not invoke the prison mailbox rule.").   As the Eleventh Circuit has stated, "[There are] only two requirements with respect to the content of the prisoner's declaration.   To demand anything other than strict compliance with those requirements would render them nullities." *Daniels v. U.S.*, 809 F.3d 588, 590 (11th Cir. 2015).[5]   As the Seventh Circuit has explained, "the declaration [is required] to state only two things; 50% is

---

[4]  28 U.S.C. § 1746 states, in relevant part:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> …
>
> (2)   If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'.

[5]  In *Daniels*, the 11th Circuit construed Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts instead of Fed. R. Bankr. P. 8002(c). *Daniels*, 809 F.3d at 590.   However, both rules state the same requirement, using the same language, that the prisoner's declaration "must set forth the date of deposit and state that first-class postage has been prepaid." Rule 3(d) of the Rules Governing Section 2255 Proceedings; Fed. R. Bankr. P. 8002(c).   Since the rules are the same in that regard, the Court has no reason to construe them differently.

not enough." *U.S. v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004) (construing the identical Fed. R.

App. P. 4(c)(1)).    Thus, even if the mailbox rule applied to the Motion to Proceed In Forma

Pauperis, Mr. Burke did not satisfy the explicit requirements of the statute and the motion

must be denied.

Even if the Court were to assume both that the Motion to Proceed In Forma Pauperis

and accompanying Affidavit were timely filed and that all requirements of Fed. R. Bankr. P.

8002(c) were satisfied, thus allowing the Court to proceed to the merits of the motion, the

Court would still deny the motion under 28 U.S.C. § 1915.    In order to proceed *in forma*

*pauperis*, Mr. Burke must submit the documentation required by 28 U.S.C. § 1915(a)(1)-(2)

and satisfy both the legal and the financial eligibility requirements outlined in that section.

Based on the information provided by Mr. Burke, it appears that he satisfies the

financial requirements to proceed *in forma pauperis*.[6]    However, Mr. Burke must also satisfy

the legal requirements of 28 U.S.C. § 1915. *In re Michael*, 2001 Bankr. LEXIS 2394, at *4

(Bankr. S.D. Ga.) ("Essentially, the Court is required to evaluate the merits of the claim . . .

and exercise discretion in deciding whether to grant *in forma pauperis* relief.").    "Section

1915 grants courts the 'authority to dismiss a claim based on an indisputably meritless legal

theory.'" *In re Screen*, 2004 Bankr. LEXIS 1522, at *4 (quoting *Neitzke v. Williams*, 490 U.S.

319, 327 (1989)).    Section 1915(e)(2)(B)(i) of the United States Code provides, in relevant

---

[6] Mr. Burke's Motion to Proceed In Forma Pauperis includes the required Affidavit of assets, or lack thereof, and states the nature of the appeal by incorporating Mr. Burke's notice of appeal. ECF Nos. 84 and 93.    The Affidavit discloses that the only assets Mr. Burke has are the monies in his inmate account. ECF No. 93.    Mr. Burke receives $5.00 a month from the Federal Bureau of Prisons and any donations that he may receive. *Id.*    The certified copy of Mr. Burke's trust fund account discloses a current balance of $0.31. *Id.*    Thus, Mr. Burke can make a *prima facie* showing of poverty in his Affidavit and accompanying trust fund account information. *See In re Screen*, 2004 Bankr. LEXIS 1522, at **2-5 (Bankr. S.D. Ga.); *Adkins v. E.L. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948) (holding that an affidavit of poverty and inability to pay is sufficient to support granting a motion to proceed *in forma pauperis* even without a showing that the movant is absolutely destitute).

part: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious[.]"   An appeal is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325.   Additionally, a case is frivolous under Section 1915(e)(2)(B)(i) if the plaintiff appears to have "little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

Mr. Burke is appealing this Court's *Order Denying Motion to Reconsider* [ECF No. 82].   ECF No. 82 denied Mr. Burke's request at ECF No. 81 to reconsider the granting of Ms. Alexis' motion to dismiss the adversary complaint at ECF No. 48 and the dismissal of his bankruptcy appeal at ECF No. 78.

This is not Mr. Burke's first motion to reconsider, nor is it this Court's first order denying such motions.   He has filed numerous motions to reconsider, all of which allege the same arguments stemming from Mr. Burke's complaint.

In his complaint, Mr. Burke sought revocation of Ms. Alexis' discharge to ensure that she would not receive a discharge of certain mortgage loan obligations that he alleges were incurred by fraud. ECF. No. 1.   Mr. Burke did not allege in his complaint that he had a claim against Ms. Alexis.   Rather, the gravamen of the complaint is that the Court should, *sua sponte* if necessary, investigate Ms. Alexis' case and consider revoking her discharge, apparently for the benefit of the lenders that Mr. Burke feels were victimized by Ms. Alexis. The lenders in question were in fact listed in Ms. Alexis' schedules, received timely notice of her case, and did not seek to have their claims excepted from discharge under 11 U.S.C. § 523 or to have Ms. Alexis' discharge denied under 11 U.S.C. § 727.

The Court subsequently granted Ms. Alexis' motion to dismiss the complaint because

Mr. Burke lacked standing and because his request was untimely. ECF. Nos. 48 and 57.   Mr. Burke was not a creditor of Ms. Alexis at the time her petition was filed, nor was he otherwise a party in interest with standing to file anything in this case.   Based on the text of the complaint, it appears that Mr. Burke is aggrieved that Ms. Alexis testified against him in a criminal action that resulted in Mr. Burke's incarceration.   After sifting through all of the documents Mr. Burke has filed in this Court, he has not raised an argument that would lead this Court to find him in a position to request any substantive relief from this Court.   Even if Mr. Burke had standing to seek revocation of Ms. Alexis' discharge, which he did not as he was not a creditor, this Court ruled that the complaint was due to be dismissed because Mr. Burke admitted he had actual notice of Ms. Alexis's bankruptcy case and of her alleged fraudulent conduct prior to entry of discharge in her case, and so his complaint for revocation of discharge was time barred. ECF No. 48.

Mr. Burke's motion to reconsider also sought relief from this Court's order dismissing his first bankruptcy appeal. ECF No. 81.   Local Rule 87.4(c) of the United States District Court for the Southern District of Florida requires this Court to dismiss bankruptcy appeals when the appellant fails to file a timely designation of items to be included in the record on appeal as required by Bankruptcy Rule 8009 or when the appellant fails to pay the required filing fee.   Accordingly, on June 30, 2016 (10 days after the deadline to file the designation and 9 days after the deadline to pay the filing fee), the Court entered an order dismissing the appeal. ECF No. 78.   Mr. Burke suggested that he was unable to pay the filing fee for the appeal and that he should be excused from that requirement.   However, even if Mr. Burke might have been excused from paying the filing fee, his appeal was subject to dismissal for failure to file the designation of items to be included in the record on appeal.

Finally, as discussed above, neither order subject to Mr. Burke's motion to reconsider [ECF No. 81] remained subject to reconsideration or appeal at the time he filed that motion to reconsider.   In addition to the reasons stated in this Court's order at ECF No. 82, Mr. Burke's motion to reconsider at ECF No. 81 was not timely.

For all of these reasons, there is no legal basis for the present appeal and it is a wholly frivolous appeal.   This is yet another reason to deny the Motion to Proceed In Forma Pauperis under 28 U.S.C. § 1915.

### ORDER

For the foregoing reasons, the Court ORDERS AND ADJUDGES that the Motion to Proceed In Forma Pauperis [ECF No. 93] and the Motion to Reconsider Dismissal of Bankruptcy appeal [ECF No. 94] are DENIED.

### ###

Copies furnished to:

All parties of record.